**STATE OF SOUTH CAROLINA** )
                                                )    IN THE COURT OF COMMON PLEAS
**COUNTY OF** RICHLAND )

Jay Clark, )
                                 **Plaintiff(s)** )    **CIVIL ACTION COVERSHEET**

                                 **vs.** )    2017-CP - 40 - 01876

Dana Cassell and Allstate Fire and Casualty Insurance )
Company, )
                                **Defendant(s)** )

| | |
|---|---|
| **Submitted By:** Carl D. Hiller | **SC Bar #:** 101242 |
| **Address:** 1201 Main Street, Suite 1800 | **Telephone #:** 803-765-2935 |
| Columbia, SC 29201 | **Fax #:** 803-252-0786 |
| | **Other:** |
| | **E-mail:** chiller@finkellaw.com |

**NOTE:** The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*\*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☒ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Employment (180) | | ☐ Other (399) _____ | |
| ☐ Other (199) _____ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) _____ | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

**Submitting Party Signature:** _/s/ Carl D. Hiller_     **Date:** March 29, 2017

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous

SCCA / 234 (03/2016)                                                           Page 1 of 2

Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND ) | |
| ) | |
| Jay Clark, ) | Civil No.: 2017-CP-40-_____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **SUMMONS** |
| ) | |
| Dana Cassell and Allstate Fire and ) | |
| Casualty Insurance Company, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

2017 MAR 29 PM 3:26
JEANNETTE W. MCBRIDE
C.C.P. & G.S.
RICHLAND COUNTY FILED

TO:     THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer to the said pleading upon the subscribers at their offices, 1201 Main Street, Suite 1800, Post Office Box 1799, Columbia, South Carolina 29202, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted,

FINKEL LAW FIRM LLC
Post Office Box 1799
1201 Main Street, Suite 1800
Columbia, South Carolina 29202
(803) 765-2935

By: _____
Carl D. Hiller (SC Bar #:101242)
Attorney for the Plaintiff

Columbia, South Carolina
March 29, 2017

1

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE CIRCUIT COURT FOR THE |
| ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND ) | Civil Action No.2017-CP-40-_____ |
| ) | |
| Jay Clark, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | (Jury Trial Demanded) |
| ) | |
| Dana Cassell and Allstate Fire and Casualty ) | |
| Insurance Company, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The Plaintiff, Jay Clark, by and through his undersigned counsel, would allege as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Jay Clark is a citizen and resident of Aiken County, South Carolina.

2. Defendant Dana Cassell, upon information and belief, is a citizen and resident of Lexington County, South Carolina.

3. At all times material to this action, Defendant Cassell was operating an automobile within the territorial boundaries of Richland County, South Carolina and committed a tortious act within the territorial boundaries of Richland County, South Carolina.

4. Defendant Allstate Fire and Casualty Insurance Company ("Allstate") is, upon information and belief, a foreign corporation who at all times relevant to this action was engaged in business in South Carolina, including the business of providing automobile insurance to South Carolina citizens including the Plaintiff.

5. This action is brought in part under the South Carolina Uniform Declaratory Judgment Act, S.C. Code Ann. § 15-53-10, *et. seq.* There is a real and justiciable controversy

between the Plaintiff and Defendant Allstate specifically regarding the applicable automobile insurance policy, and by these proceedings the Plaintiff asks this Court to inquire into and declare the rights, interests, and obligations of the parties regarding the insurance policy and out of the facts set forth below.

6.      Venue is proper pursuant to S.C. Code § 15-7-30.

## FACTUAL BACKGROUND

7.      In 2010, Plaintiff married his wife, Sarah Clark. At the time, Plaintiff and his wife were residing in Illinois. Plaintiff obtained an automobile insurance policy with Allstate naming himself and his wife as insureds. Plaintiff's wife never spoke with Allstate and had no involvement with the procurement of automobile insurance while the Plaintiff and his wife resided in Illinois.

8.      Plaintiff's and his wife's 2010 and 2011 policy provided "Automobile Liability Insurance" in the amount of $50,000 per person ($100,000 per occurrence) for bodily injury and $50,000 for property damage. The policy also provided "Uninsured Motorists Insurance" in the amount of $50,000 per person ($100,000 per occurrence) for bodily injury **and** the Uninsured Motorists Insurance **"includes Underinsured Motorist Protection."**

9.      Illinois state law requires that an individual maintain minimum uninsured motorist insurance in the amount of $20,000 per person ($40,000 per accident). If an individual purchased additional uninsured motorist insurance, such as the Plaintiff did, the policy is required to provide underinsured motorist coverage "in an amount equal to the total amount of uninsured motorist coverage" provided in the policy. *See* 215 Ill. Comp. Stat. Ann. 5/143a-2

10.     In 2012, Plaintiff's employment transferred him to Aiken, South Carolina. When it came time to apply for a new South Carolina automobile insurance policy, the Plaintiff went in

person to apply with Allstate's agent Thomas Young in Aiken, South Carolina. At this time, Plaintiff's wife was still residing in Illinois. Plaintiff explained to an Allstate agent the coverage that he had in Illinois, and requested that he have a South Carolina policy with the same type and amount of coverage. Allstate's agent assured Plaintiff that he would be provided the same coverage. At no time did anyone with Allstate explain to Plaintiff that underinsured motorist coverage was not "included" as part of uninsured motorist coverage in South Carolina.

11.     Several weeks after visiting Allstate's agent, an Allstate representative attempted to contact Plaintiff via his cellular phone. Unfortunately, Plaintiff was out-of-town on business and did not receive the call. Apparently, the Allstate representative then immediately contacted Plaintiff's wife who had since moved to South Carolina, and told her that she needed to come to the agent's office to sign some paperwork to effectuate their new policy. Plaintiff had not discussed the new policy with his wife.

12.     Without speaking with the Plaintiff, Plaintiff's wife and their young son immediately went down to Allstate's agent's office. Without discussing the policy or the amounts and type of coverage, an Allstate representative placed filled out paperwork in front of Mrs. Clark and told her to sign. Apparently, without Plaintiff's knowledge or consent, Mrs. Clark signed for a policy for liability and uninsured motorist insurance in the amounts of $50,000 per person ($100,000 per occurrence) for bodily injury and $50,000 for property damage. Unknown to the Plaintiff and Mrs. Clark, the policy **did not** include underinsured motorist coverage. Plaintiff and his wife did not discuss this meeting.

13.     On September 28, 2014, Plaintiff was involved in an automobile accident in Richland County, South Carolina while driving a 2014 Hyundai which was insured by Allstate under the new policy. Plaintiff was traveling eastbound on Dutch Fork Road approaching the

intersection with Old Hilton Road near Chapin, South Carolina. Defendant Cassell was traveling westbound on Dutch Fork Road approaching the same intersection. Upon information and belief, Defendant Cassell attempted to turn left onto Old Hilton Road and collided with the Plaintiff.

14. Upon information and belief, the cause of the collision was Defendant Cassell failing to yield the right of way to Plaintiff.

15. As a result of this collision, Plaintiff has suffered permanent, painful, and debilitating injuries to his person, specifically, but not exclusive, to his head, arm and neck, requiring extensive treatment including surgery.

16. In addition, as a result of the collision, Plaintiff has incurred reasonable and necessary medical costs; continues to suffer pain, mental anguish, and disruption of his daily life; and has lost income from being unable to work.

17. At the time of the accident, Defendant Cassell maintained a $100,000 automobile liability policy. These benefits have been tendered and accepted by Plaintiff in exchange for a covenant not to execute personally against Defendant Cassell. Plaintiff's damages from the collision far exceed the sum of $100,000.

18. Under the impression he had the same coverage he maintained in Illinois which included underinsured motorist coverage, Plaintiff subsequently initiated a claim with Defendant Allstate for underinsured motorist coverage benefits of $100,000. Defendant Allstate denied benefits claiming that Plaintiff's wife declined underinsured motorist coverage benefits on his behalf.

### FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT CASSELL
(Negligence/Gross Negligence)

The allegations of the foregoing paragraphs are incorporated herein as set forth verbatim.

19.     By operating her automobile on a public highway, Defendant Cassell had a duty of care to operate the automobile in a safe manner so as to ensure the safety of fellow motorists and passengers.

20.     Defendant Cassell breached this duty by driving too fast for conditions, being distracted, failing to yield the right-of-way to oncoming traffic, and striking Plaintiff's vehicle.

21.     Defendant Cassell was negligent, willful, wanton, careless, grossly negligent, and reckless in the following particulars:

    (a)     by failing to properly utilize her vehicle's breaks;

    (b)     by failing to keep a proper lookout for other motorists;

    (c)     by failing to maintain proper control over her vehicle;

    (d)     by failing to take any evasive action, by any means, to keep from striking Plaintiff's vehicle;

    (e)     by failing to properly observe the road and traffic conditions;

    (f)     by driving too fast for conditions;

    (g)     by failing to yield the right-of-way to oncoming traffic;

    (h)     by violating the statutes of the State of South Carolina, including, but not limited to, the following:

        i.     South Carolina Code Ann. § 56-5-730 by failing to operate her vehicle in obedience to the traffic laws of the State of South Carolina;

        ii.    South Carolina Code Ann. § 56-5-1520 by operating her vehicle at a speed that was greater than was reasonable and prudent under the conditions and without regard for the actual and potential hazards then existing;

        iii.   South Carolina Code Ann. § 56-5-2320 by failing to yield the right of way to Plaintiff; and

    iv. South Carolina Code Ann. § 56-5-2920 by driving her vehicle recklessly in a manner as to indicate a willful or wanton disregard for the safety of persons or property; and

 (i) any other particulars as may be proven at trial

any or all of which were the direct and proximate cause of the injuries and damages suffered by Plaintiff as described herein, many of said failures being in violation of the applicable governing law.

 22. As a direct and proximate result of the Defendant Cassell's negligent, grossly negligent, reckless, willful and wanton conduct, as set forth above, Plaintiff:

 (a) Suffered severe physical pain;

 (b) Suffered permanent and debilitating injuries to his person, specifically, but not exclusively, to his head, arm and neck;

 (c) Suffered substantial mental pain, anxiety, and suffering stemming from his injuries;

 (d) Incurred extensive medical bills for his reasonable and necessary treatment;

 (e) Suffered lost wages; and

 (f) Suffered loss of enjoyment of life and mental anguish.

 23. As a direct and proximate result of the Defendant Cassell's negligent, grossly negligent, reckless, willful and wanton conduct, as set forth above, Plaintiff has suffered actual and consequential damages, and is entitled to such damages, in addition to punitive damages, as may be proven at trial.

**FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT ALLSTATE**
(Negligence/Negligent Misrepresentation)

The allegations of the foregoing paragraphs are incorporated herein as set forth verbatim.

24. Defendant Allstate, by and through its agents, has a duty to communicate truthful information to its insurance applicants like the Plaintiff.

25. Plaintiff specifically requested that he have the type of insurance coverage that he had with Defendant Allstate when he resided in Illinois. This coverage **included** underinsured motorist insurance.

26. Defendant Allstate's agents, acting in the capacity for Defendant Allstate, breached its duty to the Plaintiff by falsely representing to the Plaintiff that he would be provided the same coverage as he had in Illinois.

27. Defendant Allstate has a pecuniary interest in making such a representation.

28. Plaintiff relied to his detriment on the representation, and as a result has suffered actual and consequential damages, and is entitled to such damages, in addition to punitive damages, as may be proven at trial.

### FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT ALLSTATE
(Declaratory Judgment for Reformation of the Policy)

The allegations of the foregoing paragraphs are incorporated herein as set forth verbatim.

29. Per S.C. Code Ann. § 38-77-160 (1976, as amended), Allstate owed a duty to Plaintiff to make a meaningful offer of underinsured motorist coverage.

30. To deny that the policy provided underinsured motorist coverage and owes underinsured motorist benefits to Plaintiff claims as a result of the collision, Allstate must show it made a meaningful offer of underinsured motorist coverage to the Plaintiff, a named insured on the policy, and that Plaintiff made a voluntary, informed decision to reject such coverage.

31. As set forth above, Allstate failed to make a meaningful offer of underinsured motorist coverage under the Policy to the Plaintiff because it failed to contact the Plaintiff and

failed to obtain a denial of underinsured motorist coverage form properly signed by the Plaintiff. As set forth above, the Plaintiff's wife did not have the express or implied consent of the Plaintiff to deny underinsured motorist coverage on the Plaintiff's behalf and Plaintiff had no knowledge of the denial of underinsured motorist coverage form signed by the Plaintiff's wife. Therefore, the Plaintiff did not make a voluntary, informed decision to reject underinsured motorist coverage under the Policy.

32.   Because of the foregoing, the Court should reform the Policy to include underinsured motorist coverage for bodily injury with limits in the amount of $50,000 per automobile ($100,000 stacked).

## FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT ALLSTATE
(Bad Faith)

The allegations of the foregoing paragraphs are incorporated herein as set forth verbatim.

33.   Plaintiff has been forced to prosecute this action to enforce his rights under the Policy and has incurred and continues to incur attorney's fees and litigation costs to do so.

34.   Allstate has been aware of Plaintiff's claim for underinsured motorist coverage benefits under the Policy and, in bad faith, has not paid said claim.

35.   For one or both of the above reasons, Plaintiff is entitled to an award of attorney's fees and costs from Allstate.

## RELIEF REQUESTED

WHEREFORE, the Plaintiff prays that the Court hold Defendants liable for the conduct complained of herein; to enter judgment against Defendants and in favor of Plaintiff; and to award the following relief:

    a.   Actual damages, consequential damages, and punitive damages in an amount provable at trial;

b.  Reformation of Plaintiff's Allstate insurance policy to include underinsured motorist benefits in the amount of $50,000 per automobile ($100,000 stacked);

c.  Attorneys fees and costs; and

b.  For other such relief as this Court deems just and equitable.

Respectfully Submitted.

FINKEL LAW FIRM L.L.C.
1201 Main Street, Suite 1800
Post Office Box 1799
Columbia, South Carolina 29202
(803) 765-2935

Carl D. Hiller (SC Bar No.: 101242)
William R. Padget (SC Bar No. 72579)
Attorneys for Plaintiff

Columbia, South Carolina
March 24, 2017



# South Carolina
# Department of Insurance

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

HENRY McMASTER
Governor

RAYMOND G. FARMER
Director

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105
Telephone: (803) 737-6160

April 5, 2017

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY
c/o CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

Dear Sir:

On April 4, 2017, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 38-77-160. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov**. When replying, please refer to File Number 165741, <u>Jay Clark v. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, et al.</u>, 2017-CP-40-01876.

By:

*[signature]*

David E. Belton
Senior Associate General Counsel
(803)737-6132

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:   Carl D. Hiller
      Post Office Box 1799
      Columbia, SC    29201

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | Case No.: 2017-CP-40-01876 |
| | ) | |
| Jay Clark, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CERTIFICATE OF SERVICE BY MAIL |
| | ) | (Certified Mail) |
| Dana Cassell and Allstate Fire and Casualty Insurance Company, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Margaret M. Rock, personally appeared before me and stated the following under oath:

I am not less than 18 years of age. I am not an attorney in this action. I am not a party in this action.

I served the Civil Action Cover Sheet, Summons and Complaint, Plaintiff's First Set of Continuing Interrogatories to Defendant Dana Cassell and Plaintiff's First Set of Continuing Requests for Production to Defendant Dana Cassell, upon the Defendant Dana Cassell, by mailing a copy of same to the Defendant, by certified mail, return receipt requested, restricted delivery. Mailing was made on April 4, 2017 from the United States Post Office, Columbia, South Carolina. The envelope was addressed as follows:

Dana Cassell
137 Stoneridge Road
Chapin, SC 29036

The post office receipt is attached with the return receipt as Exhibit A, showing acceptance of service by the Defendant on April 7, 2017.

                                            *Margaret M. Rock*
                                            Margaret M. Rock
                                            Litigation Paralegal
                                            Post Office Box 1799
                                            Columbia, South Carolina 29202
                                            (803) 765-2935

Sworn to and subscribed before me
on *April 12*, 2017
*Leigh F. Allen*
Notary Public for South Carolina
My commission expires: 3/11/26



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ 2.03 |
| Certified Fee | 3.35 |
| Return Receipt Fee (Endorsement Required) | 2.75 |
| Restricted Delivery Fee (Endorsement Required) | 4.95 |
| Total Postage & Fees | $ 13.08 |

Postmark Here: APR 4 - 2017

Sent To: Dana Cassell
Street, Apt. No.; or PO Box No.: 137 Stoneridge Road
City, State, ZIP+4: Chapin SC 29036

PS Form 3800, August 2006          See Reverse for Instructions

7012 3460 0003 5562 9591

2017 APR 12 PM 3:48
JEANNETTE W. MCBRIDE
C.C.P. & G.S.
RICHLAND COUNTY
FILED

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dana Cassell
137 Stoneridge Road
Chapin, SC 29036

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Dana J Cassell*   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name): Dana J Cassell
C. Date of Delivery: 4/7/17

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*       ☒ Yes

2. Article Number *(Transfer from service label)*
7012 3460 0003 5562 9591

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

Exhibit A



STATE OF SOUTH CAROLINA ) IN THE CIRCUIT COURT FOR THE
) FIFTH JUDICIAL CIRCUIT
COUNTY OF RICHLAND ) Civil Action No.2017-CP-40-01876
)
)
Jay Clark, )
)
      Plaintiff, )
) **STIPULATION OF DISMISSAL**
vs. ) (Dana Cassell)
)
Dana Cassell and Allstate Fire and Casualty )
Insurance Company, )
)
      Defendants. )
)

    Pursuant to Rule 41(a)(1) of South Carolina Rules of Civil Procedure, Plaintiff Jay Clark stipulates that he voluntarily dismisses his claims against Dana Cassell without prejudice.

                                    We so stipulate:

                                    Carl D. Hiller (SC Bar No.: 101242)
                                    Finkel Law Firm, LLC
                                    Counsel for Plaintiff
                                    P.O. Box 1799 (29202)
                                    1201 Main Street, Suite 1800
May 2, 2017                      Columbia, South Carolina 29201
Columbia, South Carolina         Telephone: (803) 765-2935

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND ) | CASE NO.: 2017-CP-40-01876 |
| Jay Clark, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CERTIFICATE OF SERVICE |
| ) | |
| Dana Cassell and Allstate Fire and Casualty ) | |
| Insurance Company, ) | |
| ) | |
| Defendants. ) | |

I, the undersigned, of the law offices of Finkel Law Firm, LLC, attorneys for Plaintiffs, do hereby certify that I have served all counsel of record on this date, May 4, 2017, in this action with a copy of the pleading(s) herein below specified, by Hand Delivery and Email to the following address(es):

**PLEADINGS:**   Stipulation of Dismissal

**COUNSEL:**
A Johnston Cox
Gallivan, White & Boyd, P.A.
1201 Main Street, Suite 1200
Columbia, SC 29201
jcox@gwblawfirm.com

                                         Finkel Law Firm, LLC
                                         1201 Main Street, Suite 1800
                                         Post Office Box 1799
                                         Columbia, South Carolina
                                         (803)765-2935

                                         *Margaret M. Rock*
                                         Margaret M. Rock
                                         Senior Litigation Paralegal

Columbia, South Carolina
May 4, 2017