THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jay Clark and Sarah Clark, | ) | C.A. No.: 3:17-cv-01180-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AMENDED COMPLAINT** |
| vs. | ) | (Jury trial demanded) |
| | ) | |
| Allstate Fire and Casualty Insurance | ) | |
| Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiffs, Jay Clark and Sarah Clark, by and through their undersigned counsel, file this Amended Complaint in accordance with Rule 15a(1)(A) of the Federal Rules of Civil Procedure and would allege as follows:

## PARTIES AND JURISDICTION

1.    Plaintiffs Jay Clark and Sarah Clark are husband and wife and citizens and residents of Aiken County, South Carolina.

2.    Defendant Allstate Fire and Casualty Insurance Company ("Allstate") is, upon information and belief, a foreign corporation who at all times relevant to this action was engaged in business in South Carolina, including the business of providing automobile insurance to South Carolina citizens including the Plaintiff.

3.    This action is brought in part under the South Carolina Uniform Declaratory Judgment Act, S.C. Code Ann. § 15-53-10, *et. seq.* There is a real and justiciable controversy between the Plaintiff and Defendant Allstate specifically regarding the applicable automobile insurance policy, and by these proceedings the Plaintiff asks this Court to inquire into and

declare the rights, interests, and obligations of the parties regarding the insurance policy and out of the facts set forth below.

## FACTUAL BACKGROUND

4.     In 2010, Plaintiffs married. At the time, Plaintiffs were residing in Illinois. Mr. Clark obtained an automobile insurance policy with Allstate naming himself and Mrs. Clark as insureds. Mrs. Clark never spoke with Allstate and had no involvement with the procurement of automobile insurance while the Plaintiffs resided in Illinois.

5.     Plaintiffs' 2010 and 2011 policy provided "Automobile Liability Insurance" in the amount of $50,000 per person ($100,000 per occurrence) for bodily injury and $50,000 for property damage. The policy also provided "Uninsured Motorists Insurance" in the amount of $50,000 per person ($100,000 per occurrence) for bodily injury **and** the Uninsured Motorists Insurance **"includes Underinsured Motorist Protection."**

6.     Illinois state law requires that an individual maintain minimum uninsured motorist insurance in the amount of $20,000 per person ($40,000 per accident). If an individual purchased additional uninsured motorist insurance, such as the Plaintiffs did, the policy is required to provide underinsured motorist coverage "in an amount equal to the total amount of uninsured motorist coverage" provided in the policy. *See* 215 Ill. Comp. Stat. Ann. 5/143a-2

7.     In 2012, Mr. Clark's employment transferred him to Aiken, South Carolina. When it came time to apply for a new South Carolina automobile insurance policy, Mr. Clark went in person to apply with Allstate's agent Thomas Young in Aiken, South Carolina. At this time, Mrs. Clark was still residing in Illinois. Mr. Clark explained to an Allstate agent the coverage that he had in Illinois, and requested that he have a South Carolina policy with the same type and amount of coverage. Allstate's agent assured Mr. Clark that he would be provided the

same coverage. At no time did anyone with Allstate explain to Mr. Clark that underinsured motorist coverage was not "included" as part of uninsured motorist coverage in South Carolina.

8.      Several weeks after visiting Allstate's agent, an Allstate representative attempted to contact Mr. Clark via his cellular phone. Unfortunately, Mr. Clark was out-of-town on business and did not receive the call. Apparently, the Allstate representative then immediately contacted Mrs. Clark who had since moved to South Carolina, and told her that she needed to come to the agent's office to sign some paperwork to effectuate their new policy. Mr. Clark had not discussed the new policy with Mrs. Clark.

9.      Without speaking with Mr. Clark, Mrs. Clark and their young son immediately went down to Allstate's agent's office. Without discussing the policy or the amounts and type of coverage, an Allstate representative placed filled out paperwork in front of Mrs. Clark and told her to sign. Apparently, without Mr. Clark's knowledge or consent, Mrs. Clark signed for a policy for liability and uninsured motorist insurance in the amounts of $50,000 per person ($100,000 per occurrence) for bodily injury and $50,000 for property damage. Unknown to the Plaintiffs, the policy **did not** include underinsured motorist coverage. Plaintiffs did not discuss this meeting.

10.      On September 28, 2014, Mr. Clark was involved in an automobile accident in Richland County, South Carolina while driving a 2014 Hyundai which was insured by Allstate under the new policy. Mr. Clark was traveling eastbound on Dutch Fork Road approaching the intersection with Old Hilton Road near Chapin, South Carolina. Dana Cassell was traveling westbound on Dutch Fork Road approaching the same intersection. Upon information and belief, Dana Cassell attempted to turn left onto Old Hilton Road and collided with Mr. Clark.

11.     Upon information and belief, the cause of the collision was Dana Cassell failing to yield the right of way to Mr. Clark.

12.     As a result of this collision, Mr. Clark has suffered permanent, painful, and debilitating injuries to his person, specifically, but not exclusive, to his head, arm and neck, requiring extensive treatment including surgery.

13.     In addition, as a result of the collision, Mr. Clark has incurred reasonable and necessary medical costs; continues to suffer pain, mental anguish, and disruption of his daily life; and has lost income from being unable to work.

14.     At the time of the accident, Dana Cassell maintained a $100,000 automobile liability policy. These benefits have been tendered and accepted by Mr. Clark in exchange for a covenant not to execute personally against Dana Cassell. Mr. Clark's damages from the collision far exceed the sum of $100,000.

15.     Under the impression he had the same coverage he maintained in Illinois which included underinsured motorist coverage, Mr. Clark subsequently initiated a claim with Defendant Allstate for underinsured motorist coverage benefits of $100,000. Defendant Allstate denied benefits claiming that Mrs. Clark declined underinsured motorist coverage benefits on Mr. Clark's behalf.

**<u>FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT ALLSTATE</u>**
(Negligence/Negligent Misrepresentation)

The allegations of the foregoing paragraphs are incorporated herein as set forth verbatim.

16.     Defendant Allstate, by and through its agents, has a duty to communicate truthful information to its insurance applicants like the Plaintiffs.

17.     Plaintiff Jay Clark specifically requested that he have the type of insurance coverage that he had with Defendant Allstate when he resided in Illinois. This coverage **included** underinsured motorist insurance.

18.     Defendant Allstate's agents, acting in the capacity for Defendant Allstate, breached its duty to the Plaintiffs by falsely representing to Plaintiff Jay Clark that he would be provided the same coverage as he had in Illinois.

19.     Defendant Allstate has a pecuniary interest in making such a representation.

20.     Plaintiffs relied to their detriment on the representation, and as a result have suffered actual and consequential damages, and are entitled to such damages, in addition to punitive damages, as may be proven at trial.

### FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT ALLSTATE
(Declaratory Judgment for Reformation of the Policy)

The allegations of the foregoing paragraphs are incorporated herein as set forth verbatim.

21.     Per S.C. Code Ann. § 38-77-160 (1976, as amended), Allstate owed a duty to Plaintiffs to make a meaningful offer of underinsured motorist coverage.

22.     To deny that the policy provided underinsured motorist coverage and owes underinsured motorist benefits to Plaintiff Jay Clark for the claims as a result of the collision, Allstate must show it made a meaningful offer of underinsured motorist coverage to the Plaintiff Jay Clark, a named insured on the policy, and that Plaintiff Jay Clark made a voluntary, informed decision to reject such coverage.

23.     As set forth above, Allstate failed to make a meaningful offer of underinsured motorist coverage under the Policy to the Plaintiff Jay Clark because it failed to contact Mr. Clark and failed to obtain a denial of underinsured motorist coverage form properly signed by him. As set forth above, Mrs. Clark did not have the express or implied consent of Mr. Clark to

deny underinsured motorist coverage on Mr. Clark's behalf, and Mr. Clark had no knowledge of the denial of underinsured motorist coverage form signed by Mrs. Clark. Therefore, Plaintiff Jay Clark did not make a voluntary, informed decision to reject underinsured motorist coverage under the Policy.

24.    Because of the foregoing, the Court should reform the Policy to include underinsured motorist coverage for bodily injury with limits in the amount of $50,000 per automobile ($100,000 stacked).

## FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT ALLSTATE
### (Bad Faith)

The allegations of the foregoing paragraphs are incorporated herein as set forth verbatim.

25.    Plaintiffs have been forced to prosecute this action to enforce their rights under the Policy and have incurred and continues to incur attorney's fees and litigation costs to do so.

26.    Allstate has been aware of Plaintiff Jay Clark's claim for underinsured motorist coverage benefits under the Policy and, in bad faith, has not paid said claim.

27.    For one or both of the above reasons, Plaintiffs are entitled to an award of attorney's fees and costs from Allstate.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs pray that the Court hold Defendant liable for the conduct complained of herein; to enter judgment against Defendant and in favor of Plaintiffs; and to award the following relief:

a.    Actual damages, consequential damages, and punitive damages in an amount provable at trial;

b.    Reformation of Plaintiffs' Allstate insurance policy to include underinsured motorist benefits in the amount of $50,000 per automobile ($100,000 stacked);

c.       Attorneys fees and costs; and

b.       For other such relief as this Court deems just and equitable.

                            Respectfully Submitted.

                            FINKEL LAW FIRM L.L.C.
                            1201 Main Street, Suite 1800
                            Post Office Box 1799
                            Columbia, South Carolina 29202
                            (803) 765-2935

                            _s/ Carl D. Hiller_____
                            Carl D. Hiller (Fed ID: 11755)
                            Attorneys for Plaintiffs

Columbia, South Carolina
May 18, 2017